PTW:RTL:BSK
F. #2002R00970

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

DEC 20 2005

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

LUIS HERNANDO GOMEZ BUSTAMANTE,
    also known as "Rasguno,"
ARCANGEL DE JESUS HENAO MONTOYA,
    also known as "El Mocho,"
ORLANDO SABOGAL ZULUAGA,
    also known as "Alberto Sabogal,"
    "El Mono Sabogal" and
    "Caraqueso,"
JAIME MAYA DURAN,
    also known as "Alejandro,"
JHONNY CANO CORREA,
    also known as "Flechas" and
    "Santiago,"
ALDEMAR RENDON,
    also known as "Mechas,"
JOSE DAGOBERTO FLOREZ RIOS,
    also known as "Chuma,"
GILBERTO SANCHEZ MONSALVE,
    also known as "Vitamina,"
ABELARDO ROJAS,
    also known as "El Mono,"
JUAN CARLOS GIRALDO FRANCO,
    also known as "Tortuga,"
DAVINSON GOMEZ O'CAMPO,
    also known as "Gordo,"
JAIME ROJAS FRANCO,
MARTA AGUDELO CASTANO,
    also known as "Marta Cano," and
JULIA AGUDELO CASTANO,

          Defendants.

- - - - - - - - - - - - - - - - - X

THE GRAND JURY CHARGES:

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 02-1188 (S-4) (JS)
(T. 21, U.S.C., §§ 848(b),
848(c), 841(a)(1),
841(b)(1)(A)(ii)(II),
846, 853, 952(a),
959(a), 959(c), 960(a)(1),
960(a)(3),
960(b)(1)(B)(ii) and 963;
T. 18, U.S.C., §§ 982,
1956(a)(1)(B)(i),
1956(h), 2 and 3551 et
seq.)

## INTRODUCTION

At all times relevant to this Superseding Indictment:

1.     In or about the early 1990s, a group of narcotics traffickers based in the Norte Valle del Cauca region of Colombia, located near Colombia's west coast, began to dominate the cocaine trade in Colombia.  This group of traffickers came to be known as the "Norte Valle Cartel."  The Norte Valle Cartel exported multi-ton loads of cocaine from both Colombia's Caribbean and Pacific Coasts.  Generally, the cocaine was transported by truck or airplane to coastal locations in Colombia, where it was loaded onto boats headed for Mexico.  The Norte Valle Cartel worked with various Mexican trafficking groups shipping large quantities of cocaine to Mexico via "go-fast" boats, fishing vessels and other maritime conveyances.

2.     Between 1990 and the present, the Norte Valle Cartel was responsible for the exportation into the United States of more than 100,000 kilograms of cocaine with a wholesale value exceeding $1 billion.  The Norte Valle Cartel currently is responsible for the exportation of a large portion of the cocaine that enters the United States.

3.     The Norte Valle Cartel used violence and brutality to further its goals.  Members and associates of the Norte Valle Cartel routinely murdered individuals who failed to pay for drugs or whose loyalty was suspect.  The Norte Valle Cartel employed

-2-

the Autodefensas Unidas de Colombia ("AUC"), a paramilitary
organization that is engaged in internecine warfare with the
Fuerzas Armadas Revolucionarios de Colombia ("FARC"), Colombia's
main guerilla group, to protect its drug routes and drug
laboratories.

4. The defendants LUIS HERNANDO GOMEZ BUSTAMANTE,
also known as "Rasguno," and ARCHANGEL DE JESUS HENAO MONTOYA,
also known as "El Mocho," were leaders of the Norte Valle Cartel.
Defendants BUSTAMANTE and HENAO MONTOYA maintained their separate
organizations within the Norte Valle Cartel, as did other drug
traffickers. Defendants BUSTAMANTE and HENAO MONTOYA, as well as
other traffickers, participated together in the exportation of
individual drug loads and consulted with each other regularly
regarding the transportation, export and distribution of drug
loads, as well as other matters which affected the Norte Valle
Cartel.

5. The defendants ORLANDO SABOGAL ZULUAGA, also known
as "Alberto Sabogal," "El Mono Sabogal" and "Caraqueso," and
JAIME MAYA DURAN, also known as "Alejandro," were high-ranking
lieutenants in defendant LUIS HERNANDO GOMEZ BUSTAMANTE's
organization and were responsible for arranging the logistics of
multi-ton importations and distributions of cocaine within the
United States.

6. The defendant JHONNY CANO CORREA, also known as "Flechas" and "Santiago," was chief of security for defendant LUIS HERNANDO GOMEZ BUSTAMANTE's organization and was responsible for ensuring defendant GOMEZ BUSTAMANTE's personal security as well as the security of cocaine processing laboratories.

7. The defendant ALDEMAR RENDON, also known as "Mechas," was a member of defendant LUIS HERNANDO GOMEZ BUSTAMANTE's organization who assisted in making cocaine transportation and distribution arrangements.

8. The defendant JOSE DAGOBERTO FLOREZ RIOS, also known as "Chuma," was the second-in-command to defendant ARCANGEL DE JESUS HENAO MONTOYA and acted in his stead when defendant HENAO MONTOYA was unavailable.

9. The defendant GILBERTO SANCHEZ MONSALVE, also known as "Vitamina," was a New York-based employee of the Norte Valle Cartel who distributed cocaine for both defendants LUIS HERNANDO GOMEZ BUSTAMANTE and ARCANGEL DE JESUS HENAO MONTOYA and laundered the proceeds of drug sales for these two defendants.

10. The defendants JAIME ROJAS FRANCO and ABELARDO ROJAS, also known as "El Mono," were New York-based employees of the Norte Valle Cartel who distributed cocaine for the organizations of defendants LUIS HERNANDO GOMEZ BUSTAMANTE and ARCANGEL DE JESUS HENAO MONTOYA and laundered the proceeds of drug sales for the Norte Valle Cartel.

11.  The defendant JUAN CARLOS GIRALDO FRANCO, also known as "Tortuga," was a cocaine load broker who arranged transactions between Norte Valle Cartel suppliers and United States-based customers.

12.  The defendant DAVINSON GOMEZ O'CAMPO, also known as "Gordo," was a member of the Norte Valle Cartel and, during various times charged herein, oversaw its cocaine processing laboratories and the transportation of cocaine to the Colombian coasts and provided security for cartel members.

13.  The defendant MARTA AGUDELO CASTANO, also known as "Marta Cano," was the wife of defendant JHONNY CANO CORREA. Defendant MARTA AGUDELO CASTANO received drug proceeds from defendant JHONNY CANO CORREA and laundered those proceeds by depositing currency into bank accounts and purchasing real estate in the Miami, Florida area.

14.  The defendant JULIA AGUDELO CASTANO, also known as "Julia Agudelo," was the sister of defendant MARTA AGUDELO CASTANO and the sister-in-law of JHONNY CANO CORREA. Defendant JULIA AGUDELO CASTANO received drug proceeds from defendant JHONNY CANO CORREA and laundered those proceeds by: (a) depositing currency into bank accounts; (b) purchasing real estate in the Miami, Florida area; and (c) purchasing clothing for resale in the Miami, Florida area.

## COUNT ONE
(Continuing Criminal Enterprise)

15. The allegations contained in paragraphs 1 through 14 are realleged and incorporated as if fully set forth in this paragraph.

16. On or about and between January 1, 1990 and July 1, 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LUIS HERNANDO GOMEZ BUSTAMANTE, also known as "Rasguno," did knowingly and intentionally engage in a continuing criminal enterprise in that the defendant LUIS HERNANDO GOMEZ BUSTAMANTE committed violations of Title 21, United States Code, Sections 841(a)(1) and 846, including violations one through three set forth below, which violations were part of a continuing series of violations of those statutes undertaken by the defendant LUIS HERNANDO GOMEZ BUSTAMANTE, in concert with five or more other persons, with respect to whom the defendant LUIS HERNANDO GOMEZ BUSTAMANTE occupied the position of principal administrator, organizer and leader of the continuing criminal enterprise, and from which continuing series of violations the defendant LUIS HERNANDO GOMEZ BUSTAMANTE obtained in excess of $10 million in gross receipts in a twelve-month period for the distribution of cocaine. This violation involved in excess of 300 times the quantity of a substance described in Section 841(b)(1)(B) of Title 21, United States Code, to wit, in excess of 6,000 kilograms of cocaine.

The continuing series of violations, as defined by Title 21, United States Code, Section 848(c), includes the following violations set forth below:

## Violation One
### (Distribution of and Possession with Intent to Distribute Cocaine)

17. On or about and between December 1, 1998 and March 31, 1999, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LUIS HERNANDO GOMEZ BUSTAMANTE, also known as "Rasguno," together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## Violation Two
### (Distribution of and Possession with Intent to Distribute Cocaine)

18. On or about and between September 1, 1999 and November 11, 1999, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LUIS HERNANDO GOMEZ BUSTAMANTE, also known as "Rasguno," together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved five kilograms or more of a

substance containing cocaine, a Schedule II controlled substance,
in violation of Title 21, United States Code, Section 841(a)(1)
and Title 18, United States Code, Section 2.

Violation Three
(Distribution of and Possession with
Intent to Distribute Cocaine)

19.   On or about and between May 1, 2000 and July 31,
2000, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendant LUIS
HERNANDO GOMEZ BUSTAMANTE, also known as "Rasguno," together with
others, did knowingly and intentionally distribute and possess
with intent to distribute a controlled substance, which offense
involved five kilograms or more of a substance containing
cocaine, a Schedule II controlled substance, in violation of
Title 21, United States Code, Section 841(a)(1) and Title 18,
United States Code, Section 2.

(Title 21, United States Code, Sections 848(b) and
848(c); Title 18, United States Code, Sections 2 and 3551 et
seq.)

COUNT TWO
(Conspiracy to Possess with
Intent to Distribute Cocaine)

20.   The allegations contained in paragraphs 1 through
14 are realleged and incorporated as if fully set forth in this
paragraph.

21. On or about and between January 1, 1990 and July 31, 2003, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants LUIS HERNANDO GOMEZ BUSTAMANTE, also known as "Rasguno," ARCANGEL DE JESUS HENAO MONTOYA, also known as "El Mocho," ORLANDO SABOGAL ZULUAGA, also known as "Alberto Sabogal," "El Mono Sabogal" and "Caraqueso," JAIME MAYA DURAN, also known as "Alejandro," JHONNY CANO CORREA, also known as "Flechas" and "Santiago," ALDEMAR RENDON, also known as "Mechas," JOSE DAGOBERTO FLOREZ RIOS, also known as "Chuma," GILBERTO SANCHEZ MONSALVE, also known as "Vitamina," ABELARDO ROJAS, also known as "El Mono," JUAN CARLOS GIRALDO FRANCO, also known as "Tortuga," DAVINSON GOMEZ O'CAMPO, also known as "Gordo," and JAIME ROJAS FRANCO, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(A)(ii)(II); Title 18, United States Code, Sections 3551 et seq.)

## COUNT THREE
### (Conspiracy to Import Cocaine)

22. The allegations contained in paragraphs 1 through 14 are realleged and incorporated as if fully set forth in this paragraph.

23. On or about and between January 1, 1990 and July 31, 2003, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants LUIS HERNANDO GOMEZ BUSTAMANTE, also known as "Rasguno," ARCANGEL DE JESUS HENAO MONTOYA, also known as "El Mocho," ORLANDO SABOGAL ZULUAGA, also known as "Alberto Sabogal," "El Mono Sabogal" and "Caraqueso," JAIME MAYA DURAN, also known as "Alejandro," JHONNY CANO CORREA, also known as "Flechas" and "Santiago," ALDEMAR RENDON, also known as "Mechas," JOSE DAGOBERTO FLOREZ RIOS, also known as "Chuma," GILBERTO SANCHEZ MONSALVE, also known as "Vitamina," ABELARDO ROJAS, also known as "El Mono," JUAN CARLOS GIRALDO FRANCO, also known as "Tortuga," DAVINSON GOMEZ O'CAMPO, also known as "Gordo," and JAIME ROJAS FRANCO, together with others, did knowingly and intentionally conspire to import a controlled substance into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 952(a).

(Title 21, United States Code, Sections 963, 960(a)(1)
and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 3551
et seq.)

## COUNT FOUR
(International Distribution Conspiracy)

24.  The allegations contained in paragraphs 1 through
14 are realleged and incorporated as if fully set forth in this
paragraph.

25.  On or about and between January 1, 1990 and July
31, 2003, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants LUIS
HERNANDO GOMEZ BUSTAMANTE, also known as "Rasguno," ARCANGEL DE
JESUS HENAO MONTOYA, also known as "El Mocho," ORLANDO SABOGAL
ZULUAGA, also known as "Alberto Sabogal," "El Mono Sabogal" and
"Caraqueso," JAIME MAYA DURAN, also known as "Alejandro," JHONNY
CANO CORREA, also known as "Flechas" and "Santiago," ALDEMAR
RENDON, also known as "Mechas," JOSE DAGOBERTO FLOREZ RIOS, also
known as "Chuma," GILBERTO SANCHEZ MONSALVE, also known as
"Vitamina," ABELARDO ROJAS, also known as "El Mono," JUAN CARLOS
GIRALDO FRANCO, also known as "Tortuga," DAVINSON GOMEZ O'CAMPO,
also known as "Gordo," and JAIME ROJAS FRANCO, together with
others, did knowingly and intentionally conspire to distribute a
controlled substance, intending and knowing that such substance
would be imported into the United States from a place outside
thereof, which offense involved five kilograms or more of a

-11-

substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 959(a).

(Title 21, United States Code, Sections 963, 959(c), 960(a)(3) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 3551 et seq.)

COUNTS FIVE THROUGH TWELVE
(Importation of Cocaine)

26. The allegations contained in paragraphs 1 through 14 are realleged and incorporated as if fully set forth in this paragraph.

27. On or about and between the dates listed below, such dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants listed below, together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance:

| COUNT | APPROXIMATE DATES | DEFENDANTS |
|-------|-------------------|------------|
| 5 | 12/1/1998 – 3/31/1999 | LUIS HERNANDO GOMEZ BUSTAMANTE JHONNY CANO CORREA |
| 6 | 9/1/1999 – 11/11/1999 | LUIS HERNANDO GOMEZ BUSTAMANTE JHONNY CANO CORREA |
| 7 | 11/1/1999 – 1/1/2000 | LUIS HERNANDO GOMEZ BUSTAMANTE JHONNY CANO CORREA |
| 8 | 12/1/1999 – 3/2/2000 | LUIS HERNANDO GOMEZ BUSTAMANTE JHONNY CANO CORREA |

| COUNT | APPROXIMATE DATES | DEFENDANTS |
|-------|-------------------|------------|
| 9 | 12/1/1999 - 5/1/2000 | ARCANGEL DE JESUS HENAO MONTOYA JOSE DAGOBERTO FLOREZ RIOS ABELARDO ROJAS |
| 10 | 5/1/2000 - 7/5/2000 | LUIS HERNANDO GOMEZ BUSTAMANTE JUAN CARLOS GIRALDO FRANCO |
| 11 | 6/1/2000 - 7/28/2000 | LUIS HERNANDO GOMEZ BUSTAMANTE JAIME MAYA DURAN |
| 12 | 6/1/2000 - 8/30/2000 | JAIME MAYA DURAN GILBERTO SANCHEZ MONSALVE |

(Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNTS THIRTEEN THROUGH TWENTY
(Distribution of and Possession
with Intent to Distribute Cocaine)

28. The allegations contained in paragraphs 1 through 14 are realleged and incorporated as if fully set forth in this paragraph.

29. On or about and between the dates listed below, such dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants listed below, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance:

| COUNT | APPROXIMATE DATES | DEFENDANTS |
|---|---|---|
| 13 | 12/1/1998 - 3/31/1999 | LUIS HERNANDO GOMEZ BUSTAMANTE JHONNY CANO CORREA |
| 14 | 9/1/1999 - 11/11/1999 | LUIS HERNANDO GOMEZ BUSTAMANTE JHONNY CANO CORREA |
| 15 | 11/1/1999 - 1/1/2000 | LUIS HERNANDO GOMEZ BUSTAMANTE JHONNY CANO CORREA |
| 16 | 12/1/1999 - 3/2/2000 | LUIS HERNANDO GOMEZ BUSTAMANTE JHONNY CANO CORREA |
| 17 | 12/1/1999 - 5/1/2000 | ARCANGEL DE JESUS HENAO MONTOYA JOSE DAGOBERTO FLOREZ RIOS ABELARDO ROJAS |
| 18 | 5/1/2000 - 7/5/2000 | LUIS HERNANDO GOMEZ BUSTAMANTE JUAN CARLOS GIRALDO FRANCO |
| 19 | 6/1/2000 - 7/28/2000 | LUIS HERNANDO GOMEZ BUSTAMANTE JAIME MAYA DURAN |
| 20 | 6/1/2000 - 8/30/2000 | JAIME MAYA DURAN GILBERTO SANCHEZ MONSALVE |

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii)(II); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT TWENTY-ONE
(Conspiracy to Launder Money)

30. The allegations contained in paragraphs 1 through 14 are realleged and incorporated as if fully set forth in this paragraph.

31. On or about and between January 1, 1990 and July 31, 2003, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants LUIS HERNANDO GOMEZ BUSTAMANTE, also known as "Rasguno," ARCANGEL DE

-14-

JESUS HENAO MONTOYA, also known as "El Mocho," ORLANDO SABOGAL ZULUAGA, also known as "Alberto Sabogal," "El Mono Sabogal" and "Caraqueso," JAIME MAYA DURAN, also known as "Alejandro," JHONNY CANO CORREA, also known as "Flechas" and "Santiago," ALDEMAR RENDON, also known as "Mechas," JOSE DAGOBERTO FLOREZ RIOS, also known as "Chuma," GILBERTO SANCHEZ MONSALVE, also known as "Vitamina," ABELARDO ROJAS, also known as "El Mono," JUAN CARLOS GIRALDO-FRANCO, also known as "Tortuga," DAVINSON GOMEZ O'CAMPO, also known as "Gordo," JAIME ROJAS FRANCO, MARTA AGUDELO CASTANO, also known as "Marta Cano," and JULIA AGUDELO CASTANO, together with others, did knowingly and intentionally conspire to conduct financial transactions in and affecting interstate and foreign commerce, to wit: the transfer and delivery of United States currency, which in fact involved the proceeds of specified unlawful activity, to wit: narcotics trafficking, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNTS TWENTY-TWO THROUGH TWENTY-FIVE
### (Money Laundering)

32.  The allegations contained in paragraphs 1 through 14 are realleged and incorporated as if fully set forth in this paragraph.

33.  On or about and between the dates listed below, such dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants listed below, together with others, did knowingly and intentionally conduct financial transactions in and affecting interstate and foreign commerce, to wit: the transfer and delivery of United States currency, which in fact involved the proceeds of a specified unlawful activity, to wit: narcotics trafficking, knowing the property involved in the financial transactions represented the proceeds of some form of unlawful activity and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of the specified unlawful activity:

| COUNT | APPROXIMATE DATES | DEFENDANTS | APPROXIMATE AMOUNT OF CURRENCY |
|-------|-------------------|------------|--------------------------------|
| 22 | 7/1/1998 - 3/31/1999 | LUIS HERNANDO GOMEZ BUSTAMANTE ARCANGEL DE JESUS HENAO MONTOYA JOSE DAGOBERTO FLOREZ RIOS ABELARDO ROJAS | $25,000,000 |

| COUNT | APPROXIMATE DATES | DEFENDANTS | APPROXIMATE AMOUNT OF CURRENCY |
|---|---|---|---|
| 23 | 9/1/1999 – 3/31/2000 | LUIS HERNANDO GOMEZ BUSTAMANTE JHONNY CANO CORREA | $4,000,000 |
| 24 | 1/1/2001 – 8/5/2001 | LUIS HERNANDO GOMEZ BUSTAMANTE JHONNY CANO CORREA | $6,500,000 |
| 25 | 7/1/2000 – 8/30/2000 | ARCANGEL DE JESUS HENAO MONTOYA JOSE DAGOBERTO FLOREZ RIOS GILBERTO SANCHEZ MONSALVE | $2,800,000 |

(Title 18, United States Code, Sections 1956(a)(1)(B)(i), 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE

34.    The United States hereby gives notice to the defendant charged in Count One that, upon his conviction of such offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853, which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense and any of his interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise, including but not limited to, the following:

## Money Judgment

A sum of money equal to $38,300,000 in United States currency.

35.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of such defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Section 853)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS TWO THROUGH TWENTY

36.  The United States hereby gives notice to the defendants charged in Counts Two through Twenty that, upon their conviction of any such offense, the government will seek forfeiture in accordance with Title 21, United States Code,

-18-

Section 853, which requires any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds the defendants obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offenses, including but not limited to, the following:

Money Judgment

A sum of money equal to $38,300,000 in United States currency for which the defendants are jointly and severally liable.

37.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any

other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Section 853)

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS TWENTY-ONE THROUGH TWENTY-FIVE

38. The United States hereby gives notice to the defendants charged in Counts Twenty-One through Twenty-Five that, upon their conviction of any such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982, of all property involved in each offense of conviction in violation of Title 18, United States Code, Section 1956, or conspiracy to commit such offense, and all property traceable to such property as a result of the defendants' conviction of any such offense, including but not limited to, the following:

#### Money Judgment

A sum of money equal to $38,300,000 in United States currency for which the defendants are jointly and severally liable.

39. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982, to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982)

FOREPERSON

ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

No. _____ 02-CR-1188 (S-4) (JS)

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF NEW YORK

### CRIMINAL DIVISION

### THE UNITED STATES OF AMERICA

vs.

LUIS HERNANDO GOMEZ BUSTAMANTE,"
ET AL

Defendant(s).

## I N D I C T M E N T

T. 21, U.S.C., §§ 848(b), 848(c), 841(a)(1), 841(b)(1)(A)(viii)(II),
846, 853, 952(a), 959(a), 959(c), 960(a)(1), 960(a)(3), 960(b)(1)(B)(ii)
AND 963; T. 18, U.S.C., §§ 982, 1956(a)(1)(B)(i), 1956(h), 2 AND 3551 et seq.

_____

A true bill.

_____
                                    Foreman

Filed in open court this _____ day,

of _____ A.D. 20 _____

_____
                                    Clerk

Bail, $ _____

_____

BONNIE S. KLAPPER, AUSA (631) 715-7873

# INFORMATION SHEET

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

USAO# __2002R00970_____

1.  Title of Case:  __United States v. Marta Agudelo Castano and Julia Agudelo Castano____

2.  Related Magistrate Docket Number(s)    ___03M0236_____

    None ( X )

3.  Arrest Date: _____

4.  Nature of offense(s):  ☒    Felony
                            ☐    Misdemeanor

5.  Related Civil or Criminal Cases - Title and Docket No(s).  (Pursuant to Rule 50.3 of the
    Local E.D.N.Y. Division of Business Rules):_____

6.  Projected Length of Trial:    Less than 6 weeks    ( X )
                                   More than 6 weeks    (   )

7.  County in which crime was allegedly committed:  _Nassau / Suffolk__ (Pursuant to Rule
    50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8.  Has this indictment been ordered sealed?              ( X ) Yes  (  ) No

9.  Have arrest warrants been ordered?                    ( X ) Yes  (  ) No

10. Is a capital count included in the indictment?        (  ) Yes  ( X ) No


                                   ROSLYNN R. MAUSKOPF
                                   UNITED STATES ATTORNEY

                          By: _____

                                   BONNIE S. KLAPPER, AUSA
                                   (631) 715-7873

Rev. 10/01/03