FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 13 2026 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

-against-

ORDER
02-CR-1188 (JS)

LUIS HERNANDO GOMEZ BUSTAMANTE,

Defendant.
----------------------------------X
APPEARANCES

For Defendant: Luis Hernando Gomez Bustamante, Pro Se
Reg. No. 04173-748
FCI Thomson
Federal Correctional Institution
P.O. Box. 1002
Thomson, Illinois 61285

For United States: Ashlyn Jessica Miranda, Esq.
United States Attorney's Office
Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722.

SEYBERT, District Judge:

Presently before the Court is the November 2, 2026 Motion for Sentence Clarification and Downward Departure/Variance of Defendant Luis Hernando Gomez Bustamante ("Defendant") requesting, in essence, 32 months of credit towards his 360-month sentence imposed by this Court, which 32 months is allegedly attributable to Defendant's pre-extradition detention in Cuba and Columbia. (See Motion, ECF No. 1027.[1]) The Court initially set a briefing

[1] While dated October 26, 2026, the Motion was received by, and filed with, the Court on November 2, 2026. (See id.)

schedule on the Motion, which, inter alia, directed the Government to file its Response by no later December 11, 2026. (See Nov. 5, 2026 Elec. Briefing Order.) However, in the Court's discretion, upon its sua sponte reconsideration and for the reasons stated herein, the November 5, 2026 Electronic Briefing Order is **RESCINDED**; therefore, the Government is not required to file a Response, and the Court will not consider any Reply by Defendant. Further, upon consideration of Defendant's Motion, it is **DENIED** without prejudice to renew as a Section 2241 habeas petition in the appropriate court in Illinois.

To begin

> Section 2241 . . . is the proper means to challenge the execution of a sentence. In a § 2241 petition[,] a prisoner may seek relief from such things as, for example, the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated.

Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004) (emphasis in original). This Court has reiterated the same:

> Under 28 U.S.C. § 2241, a petitioner can challenge the execution of his sentence, including the computation of that sentence by prison officials. See Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001) (stating a Section 2241 habeas petition "is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction"). Thus, pursuant to Section 2241, an inmate may challenge such matters as

> the computation of his sentence by prison officials. See Poindexter v. Nash, 333 F.3d 372, 377 (2d Cir. 2003) ("Under § 2241, a prisoner may challenge the . . . calculations by the Bureau of Prisons of the credit to be given for other periods of detention." (citations and internal quotation marks omitted)); see also Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001); Zenquis v. Pullen, No. 3:22-CV-1151, 2023 WL 2931585, at *1 (D. Conn. Apr. 13, 2023); Bracamonte v. Von Blanckensee, No. 18-CV-0166, 2019 WL 1368084, at *1 (S.D.N.Y. Mar. 26, 2019). **Further, a Section 2241 habeas petition must be brought in the district where the petitioner is imprisoned.** See Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004).

United States v. Yong, 2024 WL 3648259, at *7 (E.D.N.Y., 2024) (bold emphasis added); see also United States v. Sessum, No. 15-CR-0667, 2023 WL 3319424, at * 5 (S.D.N.Y. May 9, 2023) ("[Defendant] must file a petition pursuant to 28 U.S.C. § 2241 in the district where he is serving his sentence . . . in order to challenge the execution of his sentence, including the computation of sentence credits." (citations omitted).

Here, even if it were to liberally construe Defendant's Letter Motion as a Section 2241 petition, see, e.g., United States v. Escobar, No. 15-CR-0150, 2025 WL 3201370, *2 (E.D.N.Y. Nov. 17, 2025) (construing request for First Step Act ("FSA") time credits as a Section 2241 habeas petition), and McCoy v. United States, No. 21-CR-0276, 2025 WL 974641, at *1 (E.D.N.Y. Apr. 1, 2025) (stating "[a] petitioner seeking to compel [Bureau of Prisons ("BOP")] to provide FSA credits is . . . properly made under 28

U.S.C. § 2241"), because the Motion was not brought in the district where Defendant is imprisoned, i.e., Thomson, Illinois,[2] this Court lacks jurisdiction to consider Defendant's request. See Escobar, 2025 WL 3201370, at *2 (finding, where defendant was then currently incarcerated in Miami, Florida, the court in the Eastern District of New York lacked jurisdiction to consider defendant's request for FSA time credits) (citing Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004)). Defendant should have made his request to the district court of the Northern District of Illinois.

In any event, "it falls to BOP, not the district judge, to determine . . . whether the defendant should receive credit for time spent in custody before the sentence 'commenced'." United States v. Pineyro, 112 F.3d 43, 45 (2d Cir. 1997) (citing 18 U.S.C. § 3585(b), and United States v. Wilson, 503 U.S. 329 (1992) (BOP determines credit issues, not the district courts)). Indeed:

> [a]lthough a prisoner can challenge the determination of credit on his federal sentence,
>
> > [t]he Attorney General, through the BOP, possesses the sole authority to make credit determinations pursuant to 18 U.S.C. § 3585(b); the district courts do not have authority to order the BOP to either grant or deny credit or to disregard the BOP's calculations. Although

---

[2] See BOP Find an Inmate, Luis Hernando Gomez Bustamante (BOP Reg. No. 04173-748) (identifying Defendant's location as "Thomson FCI", which is located in Thomson, Illinois), https://www.bop.gov.inmateloc (last visited Nov. 11, 2026).

> prisoners may seek judicial review of the BOP's sentencing determinations after exhausting their administrative remedies, the district court is without jurisdiction to compute sentencing credit if a prisoner does not challenge his sentence and has not sought administrative review.

> United States v. Whaley, 148 F.3d 205, 206-07 (2d Cir.1998) (citing United States v. Wilson, 503 U.S. 329, 333, 335, 112 S. Ct. 1351, 117 L. Ed.2d 593 (1992) and United States v. Pineyro, 112 F.3d 43, 45 (2d Cir.1997)); see also Pineyro, 112 F.3d at 45 ("After a defendant is sentenced, it falls to BOP, not the district judge, to determine when a sentence is deemed to 'commence'; whether a defendant should receive credit for time spent in custody before the sentence 'commenced'; and whether the defendant should be awarded credit for 'good time.'" (citations omitted)); see also, e.g., DeVivo v. Mance, No. 08-CV-673(DNH/RFT), 2009 WL 2882937, at *6 (N.D.N.Y. July 20, 2009) ("It is the United States Attorney General, who in turn delegated responsibility to the Bureau of Prisons (BOP), and not the federal courts, who are charged with the first opportunity to determine whether [petitioner] is entitled to the credit he alleges." (citations omitted)).

Evans v. United States, No. 08-CV-3830, 2010 WL 2026433, at *1-2 (E.D.N.Y. May 17, 2010), aff'd, 419 F. App'x 53 (2d Cir. Apr. 6, 2011). Further, pursuant to 28 U.S.C. § 2241, "a district court has the power only to review a decision by the Bureau of Prisons" regarding its "computation of credit on a federal sentence". Id. at *2.

Accordingly, **IT IS ORDERED** that Defendant's Motion (ECF No. 1027) is **DENIED** without prejudice to renew and in accordance with this Order; and

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to serve Defendant with a copy of this Order, including the notations "LEGAL MAIL" on the mailing envelope.

**SO ORDERED.**

Joanna Seybert

Joanna Seybert, U.S.D.J.

Dated: November 13, 2026
Central Islip, New York